Parker, J.
The defendant desiring to employ the plaintiff to sell his farm, gave him a writing to that effect as follows:
“I hereby agree with S. S. Baker, and make him my agent, to sell my farm of 100 acres in the town of Corinth, and as payment for his services for so doing, I agree to pay Mm five per cent commissions and also give him all he can sell said farm for over $4,000, and to pay him out of the first money paid, unless his dues shall exceed one half of the payment so received, in which case he is to take one-half of the money and I the other, and he is to wait for his balance due until another payment is made. And in case a pledge of first payment is forfeited, the same is to be equally divided between us, and he is to have the privilege *407 of going on and selling the farm again, on the same terms as above mentioned, as if nothing had transpired, he furnishing five dollars and I the same out of the forfeited to advertise my farm again. All purchasers are to be considered his after this date, and this contract is to hold good for one year.
(Signed) “FRANK ANGELL.
“September 12th, 1881.”
The plaintiff testified that on the day the writing was signed and delivered to him by the defendant, he went to the farm in question and on that day and the day following made an examination of the property so that he might properly describe it, in letters to be written to persons whom he thought might be induced to purchase. That among the persons written to was a Mr. Tuttle, who after-wards came and .looked at the farm and seemed to be pleased with it. When Tuttle was not present the defendant inquired of plaintiff what price he asked, to which he answered, $5,000. Defendant said, you agreed not to sell for over $4,500, and shortly afterwards said: “I do not want to sell; my wife is opposed to selling and I cannot sell.” About a week afterwards, and on November 2,1881, the plaintiff received a written revocation of his authority to act as agent for the defendant.
The learned trial court held that the defendant having withdrawn the agreement which he had signed, before a sale, the plaintiff is not entitled to pay for his services and expenses. We think otherwise. The defendant offered to employ plaintiff as his agent to sell his farm on commission. This offer the plaintiff accepted verbally, and on the same day, to the knowledge of the defendant, commenced work, and then and subsequently rendered services and expended moneys in an honest endeavor to sell the farm.
These facts constitute a valid contract of employment between the parties. “ When a proposition is made by one party accompanied by a promise, a voluntary performance by another to whom the proposition was made * * constitutes a consideration which will uphold the promise and make it binding.” Marie v. Garrison, 83 N. Y., 14; L'Amoreux v. Gould, 7 id., 349.
By such contract of employment he had a year in which to procure a purchaser. The compensation derived, to come only with success. He alone to bear the risk of failure. Fully understanding the chances of loss or gain to himself, which would result from non-performance or achievement in the employment undertaken, he commenced work promptly, and prosecuted it, apparently with somewhat of energy. In about a month he procured a Mr Tuttle to ex *408 amine the farm with a view of purchasing. If he could induce him to purchase his work would be at an end, but if not, there was no reason for discouragement, no reason to feel that the time and money already invested were lost, because nearly eleven months remained in which to make the sale.
Mr. Tuttle seemed to be pleased with the farm. Had he agreed then to pay $4,000 for it, even though defendant refused to sell, plaintiff would have been at once entitled to recover his full commissions.
That which was unexpected by the plaintiff, however, happened. The defendant said, when he learned that the plaintiff asked $5,000, for the farm, my wife is opposed to-selling it, and I cannot sell, and within about a week revoked the contract by a paper writing.
For this breach of the contract the defendant is responsible; and the plaintiff should recover from him the value of the services, actually and in good faith, rendered, and the reasonable and necessary expenses incident thereto.
Defendant, having made up his mind not to sell, the opportunity was presented of determining the most inexpensive manner of getting rid of the agent. If allowed to goon to the end of the year and he should not find a purchaser, there would be nothing to pay, but if he should succeed defendant would have to pay $200, and as much more as a would be purchaser would give over and above the $4,000, and the defendant decided that the plaintiff should not goon. Having elected to prevent the plaintiff from going on under his contract, defendant cannot be permitted to escape payment for the fair value of the services rendered, and expenses incurred by the plaintiff while relying upon the contract.
Respondent’s counsel cited, upon the argument, several authorities to the effect, that the principal is entitled to revoke the agency if done in good faith, without incurring: liability to respond to the agent or broker. They are not applicable to the case under consideration. In those cases, no time was designated within which the broker could sell, he was to have simply a reasonable time, and it was held that the employer could terminate the employment at any time, without liability, provided he did it in good faith, and not for the purpose merely of preventing the broker from receiving his commission.
It is urged that the complaint is not framed to recover on a quantum meruit. That while the facts are fully and properly stated, the prayer for relief is wrong. Conceding that the objection would have been well taken .if taken at the circuit, which we do not, it is too late now to take it, after the case has been tried by both sides without objec *409 tian upon, the theory that the plaintiff is attempting to recover for services actually performed; and after a decision has been rendered upon the losses thus established.
Judgment reversed and new trial granted, costs to abide event.
Landox, P. J., and Fish, J., concur.